**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerriell Elliott TALMORE, aka Gerriell Talmore, Defendant–Appellant.**

No. 13–10650.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2014.

Filed Oct. 23, 2014.

Merry Jean Chan, Esquire, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Jerome Matthews, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Oakland, CA, for Defendant–Appellant.

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District Judge.*

MEMORANDUM **

Gerriell Elliott Talmore appeals from the district court's judgment. He challenges the 33–month sentence imposed by the district court on the ground that his prior conviction for California first-degree burglary does not qualify as a "crime of

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

violence." We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Talmore pled guilty in 2013 to violating 18 U.S.C. § 922(g)(1), which prohibits convicted felons from carrying firearms and ammunition. He had previously been convicted, *inter alia*, of first-degree burglary under Section 459 of the California Penal Code. Relying on *United States v. Park*, 649 F.3d 1175 (9th Cir.2011), the district court held that Talmore's prior conviction was for a "crime of violence" under Section 4B1.2(a) of the U.S. Sentencing Guidelines, and on that basis imposed a sentence enhancement.

Talmore argues that the Supreme Court's decisions in *Descamps v. United States*, — U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), *Alleyne v. United States*, — U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Moncrieffe v. Holder*, — U.S. ——, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013), are "clearly irreconcilable" with *Park*, and that *Park* therefore must be overruled. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir.2003) (en banc). We disagree.

In *Descamps*, the Supreme Court held that California first-degree burglary is not a "violent felony" for the purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), because the California statute criminalizes more conduct than is encompassed by "generic" burglary. The Court specifically declined to address whether the crime qualified as a violent felony under the ACCA's "residual clause" (which is, for present purposes, functionally identical to the "residual clause" in Section 4B 1.2(a)). *Descamps*, 133 S.Ct. at 2293 n. 6. In *Park*, we had held that California first-degree burglary qualifies as a "crime of violence" because it falls under Section 4B 1.2(a)'s "residual clause." *Park*, 649 F.3d at 1178. By its own terms,

therefore, *Descamps* leaves *Park*'s holding undisturbed.

*Alleyne* and *Moncrieffe* are also not "clearly irreconcilable" with *Park*. *Alleyne* held that facts that increase a mandatory minimum sentence must be found by a jury beyond a reasonable doubt. *See* 133 S.Ct. at 2158. *Moncrieffe* held that some convictions for drug distribution do not qualify as "aggravated felonies" under the Immigration and Nationality Act. *See* 133 S.Ct. at 1693–94. Neither case is "clearly irreconcilable" with *Park*.

Talmore also argues that newly available statistical evidence undermines *Park*'s holding. Talmore's statistical evidence, no matter how persuasive, does not permit us, sitting as a three judge panel, to revisit *Park*.

**AFFIRMED.**